**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-01380-EGS-JMF |
| ) | |
| v. ) | |
| ) | |
| JOHN DOES 1-7, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
A PROTECTIVE ORDER**

**I.     INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's motion.  Generally, Plaintiff does not object to a defendant's request for a protective order.  In this case, however, Defendant is engaging in a game of "gotcha" litigation.  Defendant seeks to burden Plaintiff and this Court with unreasonable and unnecessary motions and requests despite a history of good faith on behalf of Plaintiff.  Plaintiff takes great offense to Defendant's unprofessional attempt to discredit Plaintiff through his motion.  Clearly, as Plaintiff generally always agrees to allow defendants to proceed anonymously, it has no desire to engage in any improper settlements.  Mr. Pietz's unquestionably distorted and offensive motion is meant to discredit Plaintiff with this Court.

A protective order is not warranted under law and has been repeatedly denied in BitTorrent infringement actions in this District.  Indeed, your Honor has extensively addressed the issue in prior cases.  "Individuals who subscribe to the internet through ISPs simply have no expectation of privacy in their subscriber information."  *Hard Drive Productions, Inc. v. Does 1-1,495*, 2012 WL 4381151 (D.D.C. 2012).  Defendant states that the risk of being offered a

1

settlement justifies a protective order. However, in this case your Honor has not permitted settlements, so Defendant faces no risk at all. And, Defendant is represented by counsel who should be capable of fielding any accidental requests. Because of the procedural protections applied to this case, a protective order is unnecessary.

Filing defendants' information under seal is burdensome not only to the parties but also to the Court with its limited resources. As is clear by Defendant's motion, Plaintiff believes defense counsel will unreasonably attack Plaintiff for any small or good faith errors and use any human transgressions to attempt to avoid liability for his infringement, further unnecessarily overwhelming the Court. While undersigned had in the course of his emails mistakenly considered early resolution with defense counsel without realizing the case had an order preventing settlements, undersigned also requested exculpatory evidence, as is his client's policy to review any evidence of non-infringement. Upon reviewing the order in this case, undersigned has made it clear to defense counsel that settlements are not permitted and he will not entertain any requests for settlement.

## II. DEFENDANT HAS NOT SATISFIED THE "HEAVY BURDEN" OF DEMONSTRATING THE NEED FOR A PROTECTIVE ORDER

"The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. Indeed, '[t]he moving party has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order.'" *Alexander v. F.B.I.*, 186 F.R.D. 71, 75 (D.D.C. 1998) (emphasis added) (quoting *Prozina Shipping Co., Ltd. v. Thirty–Four Automobiles,* 179 F.R.D. 41, (D.Mass.1988). See also *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) (same); *Avirgan v. Hull*, 118 F.R.D. 252, 256 (D.D.C. 1987) (denying motion for protective order where

non-party was attempting to avoid annoyance and harassment and acknowledging "that denial of the protective order properly preserved the presumption of openness in the federal rules[.]" Citing *Koster v. Chase Manhattan Bank,* 93 F.R.D. 471, 479 (S.D.N.Y.1982)).

Here, Defendant has provided no "specific demonstration of facts" but only conclusory and speculative assertions of potential harm. Defendant's only reason for requesting a protective order, to "level the playing field with respect to [Plaintiff's] main leverage in this type of lawsuit," is meritless. This Court has already ordered that "Plaintiff may not engage in any settlement discussions with any persons identified by the ISPs in response to the subpoenas." *Memorandum Order* ¶ 4 [CM/ECF 9]. Accordingly, Defendant faces no risk or potential harm. Defendant has not satisfied his "heavy burden" of showing "extraordinary circumstances" that "would justify such an order."

**III.   THIS COURT HAS REPEATEDLY DENIED DEFENDANTS' REQUESTS TO <u>REMAIN ANONYMOUS IN SIMILAR CASES</u>**

This Court has repeatedly held that "[u]pon balancing the putative defendants' First Amendment rights to anonymity and the plaintiffs' need for the identifying information . . . the plaintiffs' need overrides the putative defendants' right to use BitTorrent anonymously." *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 353-54 (D.D.C. 2011). In a similar copyright infringement BitTorrent case your Honor held that because Doe Defendants do not have an expectation of privacy in their subscriber information, "that no one will be permitted to proceed any further . . . without identifying himself or herself." *Hard Drive Productions, Inc. v. Does 1-1,495*, 1:11-cv-01741-JDB-JMF, Order [CM/ECF 18] (D.D.C. 2012). "The Court notes that because it has concluded that nobody has an expectation of privacy in his internet subscriber information, any future motions received from John Does seeking to proceed anonymously will be denied." *Id.* In adopting your Honor's Order, the Honorable District Court Judge Bates

upheld your Honor's "conclusion that defendants may not proceed anonymously[.]" *Hard Drive Productions, Inc. v. Does 1-1,495*, 2012 WL 4381151 (D.D.C. 2012). Similarly, in *Donkeyball Movie, LLC v. Does*, 810 F. Supp. 2d 20, 26 (D.D.C. 2011) the Court also denied a motion for a protective order noting, "[t]o the extent that Ms. McDonald seeks a protective order to prevent disclosure of private identifying information, the Court has held that the putative defendant's First Amendment right to anonymity in the context of her BitTorrent activity is minimal and outweighed by the plaintiff's need for putative defendants' identifying information in order to protect its copyrights." *Id.* See also e.g. *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 38 (D.D.C. 2011) (same); *Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 340 (D.D.C. 2011) (same); *W. Coast Productions, Inc. v. Does 1-5829*, 275 F.R.D. 9, 13 (D.D.C. 2011) ("This Court agrees that this matter is not among the limited class of cases in which anonymous filing is necessary to protect the privacy interests of the putative defendants.")

In light of the cases cited above, it is clear that alleged anonymous on-line copyright infringers have a minimal expectation of privacy. Defendant's infringement of Plaintiff's copyrights forfeits Defendants privilege to remain anonymous and properly subjects Defendant to the risk of public disclosure of his/her identity. Defendant's only argument for a protective order was preemptively negated by this Court's prior Order. Defendant's insufficient motion falls drastically short of overcoming the presumption in favor of openness in Court proceedings and therefore, Defendant's motion should be denied.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's motion.

Dated: December 26, 2012

Respectfully Submitted,


By: /s/ *Jon A. Hoppe*
Jon A. Hoppe, Esquire #438866
*Counsel for Plaintiff*
Maddox, Hoppe, Hoofnagle &
Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580


**CERTIFICATE OF SERVICE**

    I hereby certify that on December 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Jon A. Hoppe*
    Jon A. Hoppe